UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-22255-CV-LENARD/TURNOFF

ISAGANI CAPINA,

    Plaintiff,

vs.

LIBERTY LIFE INSURANCE, INC., d/b/a
RBC INSURANCE, FIRST HORIZON HOME LOAN,
a division of First Tennessee Bank National Association,
et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Defendant Liberty Life Insurance, Inc.'s Motion to Dismiss Second Amended Complaint **[DE 59]**, and an Order of Referral entered by the Honorable Joan A. Lenard. **[DE 76]**. A hearing on this Motion took place before the undersigned on November 16, 2010.

Upon review of the Motion **[DE 59]**, the Response, the Reply, the supplemental briefing, hearing argument from counsel, and being otherwise duly advised in the premises, the undersigned makes the following findings.

### I. Background

This case was originally filed on July 30, 2009. **[DE1]**. An Amended Complaint was filed on December 18, 2009. **[DE12]**. A Motion to Dismiss was filed on January 25, 2010 by Defendant First Horizon Home Loans, Inc. ("First Horizon") **[DE22]**. Sometime in April, Plaintiff filed several motions to amend the Amended Complaint. **[DE 45, 46]**. Judge Lenard entered an Order Granting Plaintiff's Motions on April 26, 2010. **[DE51]**. A Second Amended Complaint (SAC) was filed on

April 28, 2010. **[DE57,58]**. The instant Motion followed on May 6, 2010. **[DE59]**.

The SAC was filed by Isagani Capina, as personal representative of the Estate of Patricia Capina ("Decedent"), against Liberty Life Insurance Co. d/b/a RBC Insurance ("Liberty Life") and First Horizon. **[DE57]**. The two count SAC alleges, among other things, negligent misrepresentations by First Horizon (Count I), and seeks a declaration of insurance by estoppel, and the imposition of a constructive trust against Liberty Life (Count II) Id.

This case arises out of a mortgage held by First Horizon, that belonged to Decedent, as the sole mortgagee. Id. at ¶ 9. According to the SAC, Decedent received a Liberty Life application for life insurance along with her First Horizon monthly mortgage statement. Id. at ¶¶ 10-13. After inquiring about the scope of the insurance coverage, Decedent completed the application, and shortly thereafter began receiving invoices for the insurance with her mortgage statements. Id. at ¶ 14.

Plaintiff filed a claim with Liberty Life upon Decedent's death on January 2, 2005; same was denied. Id. at ¶ 16. Liberty Life asserts that it never issued a policy as to Decedent. Rather, Liberty Life claims that it only issued a life policy as to Plaintiff, Isagani D. Capina. **[DE59]**. This action followed the denial of coverage.

## II. Standard of Review

On a Rule 12(b)(6) motion to dismiss, the Court must accept a plaintiff's factual allegations as true and construe them broadly, in the light most favorable to the plaintiff. See Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007); Cottone v. Jenne, 326 F.3d 1352, 1355 (11th Cir. 2003). The threshold of sufficiency for a complaint to withstand a motion to dismiss is that it must contain a short and plain statement of the claim showing that the pleader is entitled to relief. See United States v. Baxter International, Inc., 345 F.3d 866, 880 (11th Cir. 2003). In reviewing the motion, the Court "may

only examine the four corners of the complaint and not matters outside the complaint without converting the motion to dismiss to a motion for summary judgment." Caravello v. American Airlines, 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004); see also St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), the Supreme Court expanded on the liberal pleading requirements and explained that a complaint must offer more than a "formulaic recitation of the elements of a cause of action." However, "it remains black-letter law today that in the ordinary case, a complaint need not provide detailed factual allegations in order to withstand 12(b)(6) scrutiny." Caytrans BBC, LLC v. Equipment Rental & Contractors Corp., 2009 WL857554, at *2 (S.D. Ala. Mar. 25, 2009)(citing Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 958 (11th Cir. 2009). Twombly neither eliminated nor marginalized those permissive, liberal rules. Caytrans, 2009 WL857554, at *2.

Twombly simply noted that the factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252, 1261 (11th Cir. 2009)(citing Twombly, 550 U.S. at 555)(internal citations and emphasis omitted). Notwithstanding the efforts of many federal litigants to frame it as such, the Twombly standard is not a trap for the unwary pleader who fails to utter talismanic incantations or plead his case with the greatest possible specificity. Caytrans, 2009 WL587554, at *2( citing Garrett v. Stanton, 2008 WL 4701215, *5 (S.D. Ala. Oct. 22, 2008).

In fact, the changes brought on by Twombly are not that complicated at all. All Twombly requires is that the well-plead allegations "nudge the claim across the line from conceivable to

plausible." Sinaltrainal, 578 F.3d 1252, 1261 (citing Twombly, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, – U.S. – .129 S. Ct. 1397 (2009)(citing Twombly, 550 U.S. at 556). In sum, the post- Twombly rules of pleading do not require heightened fact specific pleading, but only enough to state a claim to relief that is plausible on its face.

Applying the law to the facts of this case, the undersigned finds that Plaintiff's SAC is sufficiently plead so as to survive a motion to dismiss.

### III. Analysis

Although the counts are somewhat intertwined, only Count II of the SAC pertains to Liberty Life. As such, the instant Motion seeks only dismissal of Count II. Liberty Life specifically argues that the SAC should be dismissed because: (1) the allegations of an agency relationship between First Horizon and Liberty Life are insufficient, (2) the SAC fails to allege sufficient facts to state a claim for relief, and because (3) Plaintiff's claims are barred by the statute of limitations under Fla. Stat. § 95.11.

*Apparent Agency & Failure to State a Claim*

In Florida, the existence of apparent agency is determined by making the following inquiry. First, whether there was a representation by the principal; second, whether a third party relied on that representation; and finally, whether the third party changed his/her position in reliance upon the representation and suffered detriment. Almerico v. RLI Ins. Co., 716 So. 2d 774, 777 (Fla. 1998)(citing Warren v. Dept. of Admin., 554 So. 2d 568 (Fla. 5 DCA 1989)).

Here, the SAC specifically asserts,

> At all times material hereto, First Horizon Loans was the apparent agent of Defendant, Liberty Life Insurance Company and was authorized to send applications and to collect

> monthly premiums for any life insurance policy issued to act as credit protection insurance on loans made by First Horizon Home Loans to its borrowers.

SAC, ¶ 10.

> On or about March 24, 2004, the Defendant, First Horizon Home Loans, mailed an application for life insurance, along with the monthly Mortgage Account Statement to the decedent, Patricia Capina.

SAC, ¶ 11.

> In response to the application of life insurance, the decedent, Patricia Capina contacted the Defendant, First Horizon Home Loans who explained to her that the application was for credit protection life insurance whereby upon her death any remaining balance would be paid off by the insurance carrier, which in this case was the Defendant, Liberty Life Insurance Company.

SAC, ¶12.

> The decedent, Patricia Capina completed the application for life insurance which was for a decreasing mortgage benefit, term life insurance policy.

SAC, ¶ 13.

> After completing the application for life insurance, as described in paragraph 13 of the [SAC], the decedent, Patricia Capina received invoices for both her monthly mortgage payment and for the additional monthly life insurance premiums. . . .

SAC, ¶14.

> In reliance upon the assurance of Defendant, First Horizon Home Loans that life insurance was in effect for the decedent, and upon their continued acceptance of the monthly life insurance premiums paid by the decedent, Patricia Capina, the decedent went to her death believing that she was covered when in fact she was not.

SAC, ¶ 18.

Upon careful review of the SAC, the undersigned finds that the allegations contained therein are clear, plain, short and concise and sufficiently assert – at this stage– that First Horizon was furnished the insurance applications at issue by Liberty Life and acted as a channel between the Decedent and Liberty Life for purposes of providing the insurance coverage, binding the agreement,

and accepting the premiums. Nothing in this Report and Recommendation suggests that Plaintiff will ultimately prevail. Rather, for present purposes, the Court finds only that Plaintiff has plead sufficiently to survive a motion to dismiss.

*Statute of Limitations*

Liberty Life also argues that the statute of limitations for an estoppel claim under Fla.Stat. § 95.11(3) is four years. In this connection, Liberty Life asserts that the within claim accrued on January 2, 2005, upon the death of the decedent. Because this action was not filed until July 30, 2009, Liberty Life concludes that the action is time barred.

Plaintiff, on the other hand, argues that it would be improper to attempt to resolve the statute of limitations issue without the benefit of additional discovery. This Court agrees. Further, under Florida law, courts should not dismiss a complaint based on a statute of limitations defense unless the complaint affirmatively and *clearly* shows the conclusive applicability of the defense to bar the action. Reisman v. General Motors Corp., 845 F. 2d 289, 291 (11th Cir. 1988) (emphasis added)(citing Evans v. Parker, 440 So.2d 640, 641 (Fla. 1 DCA 1983). No such clarity exists here.

In this Court's view, even assuming that the subject claims are barred by the statute of limitations, these matters are best suited for determination on a motion for summary judgment.

Consistent with the above and foregoing, it is **RESPECTFULLY RECOMMENDED** that Defendants' Motion to Dismiss **[DE 59]** be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1)( C), the parties may file written objections to this Report and Recommendation with the Honorable Joan A. Lenard, United States District Judge, within fourteen (14) days of receipt. Failure to file timely objections shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149, reh'g denied, 7 F.3d

6

242 (11th Cir. 1993); LoConte v. Duggar, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S. Ct. 397 (1988).

      **RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this 3rd day of December 2010.

*/s/ W. C. Turnoff*
**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc:    Hon. Joan A. Lenard
       Counsel of Record